**ZHOU PING WU, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 04–3088–ag.**

United States Court of Appeals,
Second Circuit.

Jan. 11, 2007.

Karen Jaffe, Esq., New York, NY, for Petitioner.

Nicholas J. Woychick, Assistant United States Attorney, Boise, ID, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Zhou Ping Wu petitions for review of the BIA decision affirming the immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

We have held that "[w]here the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we will review both the BIA's and IJ's opinions-or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005) (citing *Fiadjoe v. Att'y Gen.,* 411 F.3d 135, 152–53 (3d Cir.2005)).

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004). In this case, the IJ's adverse credibility finding was supported by substantial evidence. The IJ properly based the finding on inconsistencies between Wu's asylum application and his testimony, as well as on omissions in the application and supporting documentation. The IJ provided Wu with an opportunity to explain the omissions and reasonably concluded that Wu's statement that he forgot to include them was insufficient, particularly in light of the centrality of some of these omissions to his claim for asylum. Although some of the inconsistencies relied upon by the IJ were minor and peripheral, the omissions central to Wu's claims on which the IJ relied provide "specific, cogent reasons" that "bear a legitimate nexus" to the adverse credibility finding. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Finally, Wu waived any challenge to the denial of CAT relief by failing to discuss the claim in his brief before this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The stay of removal that the Court previously granted in this petition is VACATED.